In the Matter of CHARLES F. KELLEY, an Attorney, Respondent.

First Department, October 27, 1939.

*Einar Chrystie*, for the petitioner.

Respondent in person.

PER CURIAM. The respondent in April, 1931, acted as attorney for Mrs. Margaret West in the sale of a parcel of real estate which she had inherited located at Stockbridge, Mass. On April 28, 1931, he concededly received on her behalf the sum of $6,412.03 as the proceeds of said sale. Mrs. West was then a charity patient in the Metropolitan Hospital on Welfare Island, suffering from a broken hip. She died there on June 15, 1935. Shortly after her death, the respondent was asked by her relatives to account for her property. He then claimed she had lost some of her money in the stock market, and that she had loaned him most of the balance totalling $6,000, which he later secured by a third mortgage. Before the referee he testified that Mrs. West had loaned him $6,000 shortly after the money was received; that because there was nothing to evidence this loan, he suggested, in October, 1932, that he give her a mortgage to secure the same, and that such a mortgage was prepared by him but was not delivered to her because she desired to conceal from the hospital authorities the fact that

she was possessed of any means and thus avoid payment to them of twenty-five dollars a week. He was unable to produce the alleged mortgage, but did produce an alleged draft of a third mortgage running for five years, bearing interest at four per cent, such interest, however, not payable until the payment of the principal. This third mortgage was upon a parcel of real property, a one-half interest in which was owned jointly by the respondent and his wife. Neither the latter nor the owner of the other half interest joined therein or had any knowledge of its existence. Shortly thereafter, the first mortgage was foreclosed, the property sold and junior mortgages wiped out. The respondent admitted he was unable to pay the alleged loan.

The evidence clearly sustains the findings of the referee, that the respondent was untruthful in his testimony and that he deliberately converted the funds of his client. If his version of the transaction be accepted as true, he took an unconscionable advantage of his client, a poor, crippled woman who earned a living working as a seamstress.

The respondent should be disbarred.

Present — MARTIN, P. J., O'MALLEY, GLENNON, COHN and CALLAHAN, JJ.

Respondent disbarred.